**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRY ROCCO,<br>on behalf of plaintiff and the class members described herein,<br><br>           Plaintiff,<br><br>    v.<br><br>TRANSWORLD SYSTEMS INC.;<br><br>           Defendant. | Case No. 15-cv-9276 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Terry Rocco seeks redress from unlawful collection practices engaged in by Transworld Systems Inc. ("Transworld"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and state law.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction).

3. Because defendant's collection activities occurred in this District, and because they do business here, personal jurisdiction and venue in this District are proper.

### PARTIES

#### Plaintiff

4. Plaintiff Terry Rocco is a resident of Willowbrook, Illinois.

#### Transworld

5. Defendant Transworld is a corporation chartered under California law with principal offices at 507 Prudential Road, Horsham, Pennsylvania 19044. It does business in Illinois. Its registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

1

6. Defendant Transworld is a collection agency. It seeks to collect on defaulted consumer debts that were originally owed to others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce.

7. Transworld holds a collection agency license from the state of Illinois.

8. Transworld is a debt collector as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

9. On December 17, 2014, Transworld caused several lawsuits to be filed against plaintiff to collect alleged private student loans, in the name of "National Collegiate" trusts. Copies of the complaints are attached as Exhibit A.

10. Such loans are obtained for personal, family or household purposes (education) and not for business purposes.

11. Plaintiff appeared on March 2, 2015 and defended the lawsuits. Copies of the appearances are attached as Exhibit B.

12. In August 2015, Transworld nevertheless reported two of the alleged student loan debts to Trans Union and possibly other credit bureaus without noting that the debts were disputed.

13. A copy of Transworld's two "tradelines" is attached as Exhibit C.

14. Transworld reported the alleged debts to coerce payment of them. A creditor's report of a debt to a consumer reporting agency is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

15. It is the policy and practice of Transworld to report disputed debts to credit bureaus without reporting that they are disputed.

16. Reporting a debt without reporting a dispute has a greater impact on the consumer's credit score than if the dispute was reported.

17. Transworld has caused thousands of lawsuits to be filed against individuals to collect alleged private student loans.

18. Transworld has caused collection letters to be sent to thousands of individuals to collect alleged private student loans.

19. Many of the claims are inaccurate and subject to dispute.

20. Many consumers have in fact defended the lawsuits or otherwise disputed the alleged debts.

21. Plaintiff's credit was damaged by the report.

## **PATTERN OF CONDUCT BY DEFENDANT**

22. Transworld and its predecessor NCO Financial Systems, a related company, have a long history of abusive and unfair conduct in connection with the collection of debts, as shown by the following:

   a. Transworld employee or former employee Chandra Alphabet, signed an agreement with the Georgia Bar to cease and desist from engaging in the unauthorized practice of law in March 2013;

   b. On July 9, 2013, Transworld and related entities entered into a consent judgment in *United States v. Expert Global Solutions, Inc., formerly known as NCO Group, Inc., NCO Financial Systems, Inc., ALW Sourcing, LLC, Transworld Systems Inc.*, 3:13cv2611 (N.D.Tex.), agreeing to injunctive relief and to pay $3.2 million in penalties for improper debt collection practices involving harassment and abuse.

   c. In February 2012, the Attorneys General of 19 states entered into a settlement with NCO Financial Systems, Inc. to resolve allegations of deceptive and unfair debt collection practices. The states involved were Alaska, Arkansas, Idaho, Illinois, Iowa, Kentucky, Louisiana, Michigan, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, Vermont, and Wisconsin. Pursuant to this settlement, NCO Financial Systems, Inc. agreed to pay $575,000 to the 19 states for consumer protection enforcement efforts and an

               additional $50,000 for each participating state to refund consumers with valid claims.

    d.    In 2010-2012, NCO Financial Systems, Inc., signed a series of consent orders with the Minnesota Department of Commerce, involving such conduct as hiring unfit persons.

    e.    In November 2010, NCO Financial Systems, Inc., signed a consent order with the Arizona Department of Financial Institutions involving, among other things, unauthorized practice of law.

    f.    In January 2006, NCO Financial Systems, Inc., entered into a settlement with the Pennsylvania Attorney General to resolve numerous claims of using false, deceptive, or misleading representations or means and harassment in connection with the collection of debts.

    g.    In 2004, NCO Group Inc., settled Federal Trade Commission charges that it reported inaccurate information about debtors accounts to credit reporting agencies and paid $1.5 million in civil penalties.

## COUNT I – FDCPA – CLASS CLAIM

23.    Plaintiff incorporates paragraphs 1-22.

24.    Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(8), and 1692e(10) by reporting disputed debts without reporting that they are disputed.

25.    Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

  **(2) The false representation of–**

      **(A) the character, amount, or legal status of any debt; . . .**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

27. The class consists of (a) all individuals (b) from whom Transworld sought to collect a student loan (c) in the name of a National Collegiate trust (d) where the individual disputed the debt, by defending a lawsuit or otherwise, and (e) Transworld reported the debt to a credit bureau without reporting the dispute (f) where any report was made on or after a date one year prior to the filing of this action.

28. The class is so numerous that joinder of all members is not practicable. There are more than 40 members of the class.

29. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant has a practice of reporting disputed student loan debts to credit bureaus, without reporting that they have been disputed.

    b. Whether this practice violates the FDCPA.

30. Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.    Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

33. Plaintiff incorporates paragraphs 1-22.

34. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (18) Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

35. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

36. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

37. The class consists of (a) all individuals (b) from whom Transworld sought to collect a student loan (c) in the name of a National Collegiate trust (d) where the individual disputed the debt, by defending a lawsuit or otherwise, and (e) Transworld reported the debt to a credit bureau without reporting the dispute (f) where any report was made on or after a date five years prior to the filing of this action.

38. The class is so numerous that joinder of all members is not practicable. There are more than 40 members of the class.

39. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether defendant has a practice of reporting disputed student loan debts

        to credit bureaus, without reporting that they have been disputed.

      b.     Whether this practice violates the ICAA.

40.     Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

41.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

42.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

      i.     Nominal, compensatory and punitive damages;

      ii.     Costs.

      iii.     Such other and further relief as is appropriate.


                      /s/ Daniel A. Edelman
                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\31893\Pleading\Complaint_Pleading.WPD

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with any plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

/s/Daniel A. Edelman
Daniel A. Edelman